## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

## LETTER OPINION: REPORT AND RECOMMENDATION AND ORDER

April 8, 2014

*All counsel of record via ECF*

Re:  Schwartz v. Kuo *et al.* (13-5227-JLL-JAD)

Dear Counsel:

Before the Court are the Motions to Dismiss of Defendants, Aaron Chevinsky, MD and Allied Surgical Group (ECF no. 61) and Defendants, Ian Atlas, MD and Garden State Urology (ECF no. 66). The Court held a telephone status conference with all the parties on April 7, 2014. For the reasons below, the Court respectfully recommends that the District Court DENY the Defendants' Motions to Amend (ECF nos. 61 and 66) without prejudice.

On February 10, 2014, the Court directed the parties to meet and confer regarding a deadline to "file [sic] the Affidavit of Merit" or to letter brief the relative positions of the parties ECF no. 58). During the Court's February 10, 2014 telephone conference, the Court asked the parties to consider the case, *Snyder v. Pasack Valley Hosp.*, 303 F. 3d 271 (3d Cir. 2002). On February 18, 2014, Plaintiffs filed a letter in which they discussed the *Snyder* case (ECF no. 59). Only one Defendant filed a letter brief regarding the Affidavit of Merit. In their letter brief dated February 26, 2014, Defendants, Ian Atlas, MD and Garden State Urology, also discussed the case.

1

On March 24, 2014, Defendants, Ian Atlas, MD and Garden State Urology, filed a Motion to Dismiss (ECF no. 61) on the affidavit of merit issue in violation of the Court's Pre-Trial Scheduling Order, dated January 28, 2014 (ECF no. 53). The Court's Pre-Trial Scheduling Order states that "No motions are to be filed without prior written permission from the Court." (ECF no. 53). On April 3, 2014, Defendants, Aaron Chevinsky, MD and Allied Surgical Group, filed a Motion to Dismiss (ECF no. 66) on the same affidavit of merit issue, also in violation of the Pre-Trial Scheduling Order. In moving for dismissal, neither party discussed or analyzed the *Snyder* case, which is controlling precedent by the Court of Appeals for the Third Circuit. *See Snyder v. Pasack Valley Hosp.*, 303 F. 3d 271 (3d Cir. 2002).

The Third Circuit has made it clear that the "beginning point of the 120-day limitations period [is] the date on which a defendant files his answer to the final amended complaint." *Snyder*, 303 F. 3d at 276. Plaintiffs filed their amended complaint on December 11, 2013 (ECF no. 32). Defendants, Aaron Chevinsky, MD and Allied Surgical Group, filed their Answer to Plaintiffs' amended complaint on January 20, 2014 (ECF no. 48). Defendants, Ian Atlas, MD and Garden State Urology, filed their Answer to Plaintiffs' amended complaint on January 27, 2014 (ECF no. 51). Accordingly, no affidavits of merit were due to be served until 120 days later: May 20, 2014 for Chevinsky and Allied Surgical, and May 27, 2014 for Atlas and Garden State Urology.

The Court does not require Plaintiffs to file a motion for extension of time in order for Plaintiffs to have 120 days to file their affidavits of merit. This district has held that plaintiffs do not need to file a motion for extension of time to get an additional 60 days to file the affidavit of merit. *See Costa v. Burlington*, 566 F. Supp. 2d 360, 362 (D.N.J. 2008) (citing *Burns v. Belafsky*, 166 N.J. 466 (2001)) (stating that the "New Jersey Supreme Court has held that a

2

plaintiff is *not* required to file a motion for an extension of time for 'good cause' within the original 60-day period in order to gain an additional 60 days within which to file the required affidavit of merit."). Because plaintiffs have at least 120 days from the filing of the Answers to the amended complaint to file affidavits of merit, the court held that motions filed prior to the 120 day period after the Answer to the latest amended complaint was filed are premature. *Id.* at 362-63. Here, the Court similarly holds that Plaintiffs must file their affidavits of merit 120 days after the Answers to the last amended complaint were filed. Any motions to dismiss filed before that time period will be considered premature.

Therefore, the Court RECOMMENDS that the Motions to Amend (ECF nos. 61 and 66) be DENIED without prejudice for being untimely and inappropriately filed.

The Court further ORDERS that Plaintiffs shall serve new affidavits of merit by April 30, 2014 to correct the deficiencies raised during the April 7, 2014 telephone conference.

                                                            **SO ORDERED**

                                                            _____
                                                            JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Jose L. Linares